UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-22778-CIV-COHN/TORRES

ROBERT S. WOLFF, et. al.,

    Plaintiffs,

v.

CASH 4 TITLES, et. al.,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION REGARDING ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

**THIS CAUSE** comes before the Court upon the Report and Recommendation [DE 183] ("Report") of Magistrate Judge Edwin G. Torres, concerning Class Plaintiffs' Petition for Award of Attorneys' Fees and Expenses [DE 175] ("Petition"). No objections to the Report have been filed, and the time for filing objections has passed. Nonetheless, the Court has conducted a *de novo* review of the Report, the Petition, the record in this case, and is otherwise fully advised in the premises.

On September 11, 2007, the Court entered an Amended Final Default Judgment [DE 157] ("Judgment") in which Class Plaintiffs were awarded $110,076,110.49, which was trebled to $330,225,331.47. See Judgment. Further litigation followed to enforce the Court's Judgment, eventually resulting in a wire transfer of $14,490,287.54 from Defendants to Class Counsel on March 7, 2012. See Class Counsel's Mot. for Interim Payment of Att'ys' Fees and Expenses [DE 164] at 4. On May 16, 2012, the Court entered an Order Awarding Interim Fees and Expenses [DE 171] ("Interim Order"), which granted Class Counsel a fee advancement of $1,000,000.00, along with

$14,033.00 to pay for expenses related to class notification.  See Interim Order.  In the present Petition, Class Counsel seeks $4,781,794.89 in attorneys' fees plus $112,157.53 in reimbursement for out-of-pocket costs, less the $1,000,000 interim fee, for a total of $3,893,952.42.  This sum amounts to 33.8% of the total recovery to date.

As Judge Torres explains, the issue is whether Class Counsel are entitled to a reasonable fee under factors set forth in Camden I Condo Association v. Dunkle, 946 F.2d 768, 772 (11th Cir. 1991).  Those factors include the risk associated with undertaking the litigation, the prevailing market rate for counsel's services, the time and labor required, and the desirability of the case.  In the present case, Class Counsel worked solely on a contingency basis, and were therefore fully exposed to the risk of an adverse outcome.  They not only had to win a judgment in this Court, but also had to litigate in Bahamian courts to ensure recovery.  They logged 7,753 billable hours on this case, and the fee requested represents only a 1.4% multiplier over the ordinary time value of those hours.  Such multiplier is well below those adopted by other Courts in awarding fees to class counsel.  See, e.g., Pinto v. Princess Cruise Lines, Ltd., 513 F. Supp. 2d 1334, 1343-44 (S.D. Fla. 2007) (noting that three percent is the average multiplier).  Accordingly, the Court agrees with Judge Torres that the Petition should be granted.

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation on Petition for an Award of Attorneys' Fees and Reimbursement Expenses [DE 183] is **ADOPTED**.

2. Class Counsel's Petition for Award of Attorneys' Fees and

      Reimbursement Expenses [DE 175] is **GRANTED**.

3. Class Counsel is awarded $3,781,794.89 in attorneys' fees plus $112,157.53 for out-of-pocket costs. This award is in addition to the sum already granted to Class Counsel in the Court's Order Granting Interim Fees and Expenses [DE 171].

4. These fees and expenses shall be distributed from the account currently maintained in favor of the Class.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Broward County, Florida, this 25th day of October, 2012.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF