**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 03-22778-CIV-COHN/TORRES

ROBERT S. WOLFF, *et al.*,

    Plaintiffs,

v.

CASH 4 TITLES (d/b/a), CHARLES RICHARD HOMA, MICHAEL GAUSE, SUNSET FINANCIAL SERVICES, LLC, C4T MANAGEMENT, INC., C4T FUNDING, INC., T/P FUNDING SERVICES, INC., LEADENHALL BANK & TRUST, AXXESS INTERNATIONAL LIMITED, JANE AND JOHN DOES, NUMBERS 1-25, and MOE and JOE ENTITIES, NUMBERS ENTITIES, NUMBERS 1-23,

    Defendants.

_____/

**REPORT AND RECOMMENDATION ON FINAL DISTRIBUTION
AND AWARD OF ATTORNEYS' FEES**

This matter is before the Court on the motion filed by Class Counsel to approve a final distribution of the remaining funds in the Cash 4 Titles special account, to make a final award of attorneys' fees to Class Counsel as well as reimbursement of their reasonable expenses, to authorize Class Counsel to discard the voluminous Cash 4 Titles records they have maintained over the many years of litigation, and to make a *cy pres* charitable contribution of any funds remaining in

the account 90 days after the final distribution is made. [D.E. 228]. No opposition has been filed to the motion from any class member or other interested party. The motion is thus ripe for disposition. The motion should be granted.

1. This class action arose from a multi-million dollar scheme in which Class Members lent money to Cash 4 Titles, a business which provided short-term loans to borrowers who pledged motor vehicles as collateral. The money Class Members lent to Cash 4 Titles, however, was stolen and diverted by Defendants through a pattern of racketeering, involving acts of money laundering, mail fraud, wire fraud, and obstruction of justice through a multi-level-lending network. Ultimately, the Cash 4 Titles principals, Richard Homa and Michael Gause, were arrested by the FBI and sentenced to ten and five years, respectively, on criminal conspiracy and money laundering charges. The Class consists of lenders and victims of this scheme.

2. In 2002, Class Counsel received a $67.5 million settlement for Class Members from the Bank of Bermuda through proceedings then pending before U.S. District Judge Paul Huck.

3. In October 2003, Class Counsel filed a complaint against Leadenhall Bank & Trust Co ("Leadenhall")"). During the litigation, Leadenhall was placed into liquidation in the Commonwealth of The Bahamas. *In re Leadenhall Bank & Trust Co. Ltd [In Liquidation]*, Common Law Commercial Division 69. Since then, its assets have been managed by a Liquidator.

4.    On December 4, 2006, Plaintiffs obtained a judgment against Leadenhall in the amount of $330,225,331.47. [D.E. 157]. Subsequently, Class Counsel, along with Bahamian and other international counsel, filed and prosecuted a claim for that amount against the Leadenhall Liquidation Estate pending in the Bahamas. Class Counsel thereafter litigated with the Liquidator for more than five years, in an ultimately successful effort to have the claim recognized by the Liquidator. In March 2011, the Supreme Court of the Bahamas rejected the Liquidator's final appeal, and the Cash 4 Titles claim and judgment were recognized. As a result, the Class is entitled to 92.6% of all funds to be distributed from the Leadenhall Liquidation Estate.

5.    In 2012, the Liquidator distributed $14,490,287.54 to the Class. Pursuant to Orders Adopting Report and Recommendation on Distribution [D.E. 185] and Order Adopting Report and Recommendation Regarding Attorneys' Fees and Reimbursement of Expenses [D.E. 184], those funds, less attorneys' fees, reimbursement of costs, expenses of class notice, and contingency reserves, were distributed to Class Members prorated to the amount of their allowed claims.

6.    At the time of the first dividend, the Leadenhall Liquidator retained several million dollars in the Leadenhall Estate. During 2013 and 2014, Class Counsel continued to monitor the Liquidator's activities and pushed for the remaining funds to be distributed. Ultimately, the Class petitioned the Bahamian Court to Compel the Liquidator (i) to provide an accounting of the expenses of the continued liquidation, and (ii) to distribute the remaining funds. After being

ordered to do so, the Liquidator provided a Supplemental Affidavit which contained a limited accounting of the estate, and in which he agreed to distribute an additional $3,800,356.80. Of this distribution the Class has received $3,522,099.56 (less $322.30 of Bahamian currency conversion and wire transfer fees).

7. Prior to distribution of the First Leadenhall dividend to Class Members, Class Counsel notified Class Members of (i) the proposed plan of distribution, (ii) the amount of each Class Member's allowed claim, (iii) the amount of attorneys' fees to be paid, (iv) the amount of expenses to be reimbursed, (v) the amount of reserves to be withheld, and (vi) the date and time for hearing on the matter. [D.E. 174]. No Class Member filed any objection to the plan of distribution, the amount of attorneys' fees and expenses, or the proposed reserves. [D.E. 185]. A hearing was held on August 13, 2012, at which no interested parties appeared or objected. [*Id.* at 1]. On September 26, 2012, this Court issued a Report and Recommendation recommending adoption of the plan of distribution, and also recommended an award of attorneys' fees to Class Counsel in the amount of 33% of the common fund created by their efforts. [D.E. 175, 183]. On October 25, 2012, the Court approved the Report and Recommendation. [D.E. 184, 185].

8. Then on January 16, 2015, the Court approved Class Counsel's Plan of Distribution of these additional funds (the "Second Distribution"). [D.E. 198]. The Second Distribution was consummated.

9. The Leadenhall Liquidator has now made a third and final payment to the Class in the amount of $335,014.79, which is being held in the Cash 4 Titles

Class Account. Class Counsel are now seeking approval by this Court to make a Third Distribution to the Class, which motion is supported by affidavits and exhibits supporting the requested relief.

10. Based on the present undisputed record, to which no objection has been lodged, the Court recommends adoption of the Final Plan of Distribution as follows:

| | |
|---|---|
| The final payment from the Leadenhall liquidation | $335,014.79 |
| Unclaimed Funds Remaining from Distributions | $297,415.78 |
| Funds reserved to fund investigation of additional claims against Leadenhall | $125,000.00 |

11. The first category, consisting of the $335,014.79 payment from the Liquidator, constitutes an additional common fund recovery for the Class for which Class Counsel has not been paid an attorneys' fee. Class Counsel propose to distribute this common fund to the Class, less 33% for attorneys' fees to Class Counsel. Likewise, Class Counsel's request for a 33% contingency fee on the earlier Distributions was fully noticed to Class Members, none of whom objected. The Court finds that no additional notice is required, and that the fees and expenses requested are reasonable.

12. The second category consists of unclaimed funds from the Second Distribution. Some Class Members never claimed their share of the Second Distribution and cannot be located. These funds, which also remain in the Cash 4 Titles Special Account, total $297,415.78.1. Class Counsel propose to also distribute these funds to the Class as part of the Third Distribution.

13. The third category consists of remaining funds earmarked to fund investigation of potential additional claims against Leadenhall. In the Order approving the Second Distribution, the Court ordered that $200,000 be set aside to fund the expenses of Class Counsel's investigation of additional claims to recover Leadenhall assets. [D.E. 197 at ¶¶8, 10]. Of those funds, $125,000 remain in the Cash 4 Titles Special Account after payments to investigators. Class Counsel asks this Court to approve payment of this remaining escrow to Class Counsel, to partially compensate them for the hours spent in performing the investigation and defending legal challenges to the Second Distribution.

14. The Court finds that the motion should be granted, both as to the final distribution to class members and as to attorneys' fees and costs. Class Counsel has expended time and effort providing the foregoing efforts to expand and protect the Class recovery, for which they have not been compensated. Class Counsel W. Gordan Dobie has spent 56 hours since January 2015, for time value of $89,815. (Dobie Affidavit at ¶14). Class Counsel Lawrence A. Kellogg has spent 136.3 hours since January 2015, at the hourly rate of $975, for time value of $132,892.50. (Kellogg Affidavit at ¶13). Offshore counsel Martin Kenney & Co. spent 155.7 hours, at a blended hourly rate of $655, for a total time value of $104,961. (Kellogg Affidavit at ¶13). Mssrs. Dobie and Kellogg estimate that they each will be required to spend an additional 15 hours as Class Counsel in connection with overseeing and consummating another distribution to hundreds of Class Members, answering

inquiries and addressing problems. (Dobie Affidavit at ¶14); (Kellogg Affidavit at ¶13). These rates and amounts are reasonably and fully compensable.

Accordingly, is hereby **RECOMMENDED** that:

A. the Final Distribution be conducted in the same manner as it did the First and Second Distributions: from funds with the Liquidator of $335,014.79, plus all remaining funds in the Cash 4 Titles account. Class members would receive, pro rata to their allowed claims, the net amount after deduction of expenses and reserves, as described below. The proposed distribution will be pro rata to the allowed claim of each Class Member.

B. Deductions shall be made for: (i) attorneys' fees of 33% of the final $335,014.79 payment from the Liquidator, (ii) costs of printing and mailing the checks, preparation of appropriate tax forms and providing a call center for Class Members inquiries, (iii) a reserve fund of $40,000 for Class Counsel to monitor and defend the distribution, and (iv) $125,000 of funds previously reserved to compensate for hours incurred since 2015 analyzing and attempting to pursue collection of additional funds for the benefit of the Class and to defend the Class recovery in litigation.

C. As to 183 boxes of files and records relating to Cash 4 Titles and the Leadenhall litigation presently in storage with Iron Mountain Storage, deduction may be made for the cost to shred and discard these

       materials (a total of $2,827, plus any additional storage payments that were required). The total amount to then be distributed the class will be approximately **$467,422.69.**

D. Additionally, it is appropriate in this instance to provide for any unclaimed funds to be used for the public good, through charitable organizations dedicated to providing legal services to the underserved, or to organizations with a mission to protect financial investors such as the Class. Class Counsel shall make any unclaimed funds on a pro rata basis to Legal Services of Greater Miami, Inc. and Broward Legal Aid.[1]

E. Pursuant to S.D. Fla. Mag. J.R. 4(b), the parties and all interested parties shall have fourteen days from the date of this Report and Recommendation to serve and file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of any finding in this Report and Recommendation and bar the parties from challenging on appeal the findings contained herein. *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger,* 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

---

[1] The Eleventh Circuit has approved for class action settlements to utilize cy pres distributions to allocate unclaimed settlement funds. *See Poertner v. Gillette Co.,* 618 F. App'x 624 (11th Cir. 2015); *Nelson v. Mead Johnson & Johnson Co.,* 484 F. App'x 429 (11th Cir. 2012).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 4th day of May, 2023.

    /s/ *Edwin G. Torres*
EDWIN G. TORRES
Chief Magistrate Judge